## NEWARK CITY ICE CO. v. FISHER.

(Circuit Court of Appeals, Third Circuit. October 23, 1896.)

### No. 28.

CONTRACT OF SALE—DAMAGES FOR BREACH.

The measure of damages for refusing to accept and pay for the subject of a contract of sale is the difference between the contract price and the market value at the time when it should have been accepted, less expenses which the seller was saved by such refusal.

In Error to the Circuit Court of the United States for the District of New Jersey.

This was an action by Fred S. Fisher against the Newark City Ice Company for breach of contract for the sale of ice. In the circuit court judgment was given for defendant, and the plaintiff appealed. That judgment was reversed and the case sent back to the circuit court for assessment of damages. 10 C. C. A. 546, 62 Fed. 569. From such assessment defendant brings error.

R. V. Lindabury and John O. H. Pitney, for plaintiff in error.

Roger Foster, for defendant in error.

Before DALLAS, Circuit Judge, and BUTLER and WALES, District Judges.

BUTLER, District Judge. This is the second time this case has been here. On the first, two questions were involved: Is the ice company liable? If it is, for how much? We disagreed with the circuit court respecting the first; and being without sufficient evidence to determine the second, we sent the case back, with directions to hear further testimony and ascertain the damages, in accordance with suggestions then made. It is now here on alleged errors committed in ascertaining the damages. The assignments are numerous; but we deem it unnecessary to discuss them. They all relate to the measure of damages applied. It is sufficient to say that none of them can be sustained. The measure is in strict accordance with our former suggestions. We then believed it to be right, and we believe so still. The plaintiff's loss by the defendant's failure to accept and pay for the ice, was the loss of such profits as he would have realized if the ice had been accepted and paid for; and these profits consist of the difference between the contract price and the value of the ice in the market at the time when it should have been accepted—less the cost of loading, which the plaintiff was saved by the refusal to accept. That the plaintiff had the ice ready for delivery was decided when the case was first here. Whether he had it in actual possession or under control by contract with others, is unimportant. In the latter contingency the nature of the contract does not concern the defendant; presumably the plaintiff was required to take the ice or respond in damages, as the defendant is being required to do for its failure to take. We fully agree with the circuit court in its response to the defendant's requests to find, on which the alleged errors are principally founded, and need not add anything to what is there said in vindication of its rulings.

The judgment is affirmed.