No. 3013

Second Circuit

HAYES GRAIN & COMMISSION CO. v. KING-DRAKE CO., INC., ET AL.

(February 26, 1931. Opinion and Decree.)
(April 9, 1931. Rehearing Refused.)
(May 25, 1931. Writs of Certiorari and Review Refused by Supreme Court.)

L. K. Watkins, of Minden, attorney for plaintiff, appellee.

Drew & Drew, of Minden, attorney for defendant, appellant.

WEBB, J. In this action plaintiff, Hayes Grain & Commission Company, a corporation domiciled at Little Rock, Arkansas, where it is engaged in selling grain and mixed feed manufactured by it, alleged that it had sold on January 20, 1925, to King-Drake Company, Inc., a corporation domiciled and doing business at Minden, Louisiana, a quantity of mixed feed for future delivery; that the contract had been breached by King-Drake Company, and plaintiff seeks to recover damages alleged to have resulted from the breach of the contract.

Plaintiff alleged that the negotiations between the parties were begun and consummated by wire on January 20, 1925, and confirmed by a written instrument signed by both parties on that date, under which King-Drake Company purchased 100 tons of feed at the price of $51.50 per ton, and 100 tons at the price of $42 per ton, to be used by defendant by July 1, 1925, and that a carrying charge of fifty cents per ton per month would be made for all shipments after March 1, 1925; that a portion of the feed had been shipped, but a large proportion had not been ordered to be shipped by defendant, and that defendant had failed and refused to order the shipments to be made. Plaintiff further alleged that on July 1, 1925, there was a difference between the contract price, including carrying charges and manufacturing charges, and the market price of the feed of $1103.20, as shown by a statement marked "B," annexed to the petition; that on July 8, 1925, plaintiff demanded a settlement and notified defendant it would be forced to sell the

feed for the account of defendant; that on September 8, 1925, plaintiff had again demanded a settlement and advised defendant that it considered the contract had been breached; and that on the latter date the difference between the contract price, including the carrying charges, was $1,302, as shown by statement "A," annexed to the petition.

Plaintiff also alleged that the charter of the King-Drake Company, Inc., was illegal and that two of the incorporators, E. P. King and A. E. Drake, doing business under the name and style of "King-Drake Company, Incorporated," are liable in solido for the damages sustained by plaintiff; and plaintiff prayed for judgment against King-Drake Company, Inc., E. P. King and A. E. Drake in solido for the sum of $1,103.20, with legal interest from July 1, 1925; and in the alternative for a like judgment in the sum of $1,302, with legal interest from September 8, 1925.

E. P. King and A. E. Drake filed exceptions of no cause or right of action and pleas of estoppel, and King-Drake Company, Inc., appearing as a corporation, filed motions to strike out and elect; and under reservations of its rights in the pleas filed, the corporation answered, denying the material allegations of plaintiff's petition as made; and alleged that plaintiff failed to state a cause or right of action, and further, alleged that under the agreement plaintiff was not obligated to order the shipment of the feed on or before July 1, 1925, and that if the contract was breached, it was through the action of plaintiff. Defendant prayed that plaintiff's demands be rejected.

On trial judgment was rendered in favor of plaintiff and against King-Drake Company, Inc., in the sum of $1,103.20, with legal interest from July 1, 1925, and we

are informed that the exceptions and pleas filed by E. P. King and A. E. Drake were sustained and the suit as to them dismissed; and such appears to have been the case from the opinion of the court on a motion filed by King-Drake Company, Inc., for a new trial, although the minutes do not show what if any action was taken with regard to the exceptions and pleas filed by King and Drake, and there is not in the record any judgment dismissing the suit as to them.

King-Drake Company, Inc., however, alone have appealed, and appellant urges here that the exceptions of no cause or right of action should have been sustained; that the evidence failed to establish that defendant breached the contract, and further that the evidence did not establish that plaintiff had sustained any damages.

In support of the exception of no cause or right of action, which as shown was filed with the answer, defendant contends that, under the allegations in plaintiff's petition, "that E. P. King and A. E. Drake, * * aoing a commercial business * * under the name and style of King-Drake Company, Inc., are commercial partners and that King-Drake Company, Inc., and E. P. King and A. E. Drake owed petitioner in solido, etc.," it was sued as a commercial partnership and that the court was without authority to hold defendant liable as a corporation.

As stated, however, plaintiff had alleged that King-Drake Company was a corporation, and although plaintiff alleged that the members of the corporation were doing business under the name of "King-Drake Company, Inc.," such allegation is negatived by the pleadings considered as a whole, and the corporation having appeared and filed several pleas prior to filing the exceptions of no cause or right

of action, which was filed with the answer, and plaintiff having proved on trial that the contract was made with the corporation, defendant could not urge that it was not a party to the suit, which, as we gather, was the basis of the exception.

The contention that the evidence failed to establish that defendant breached the contract is based on the construction of the agreement; defendant contending that the contract was evidenced by the written instrument confirming the telegrams, and that there was not any time fixed in which the feed should be ordered shipped, and that neither the telegrams nor parol evidence was admissible to show the time when the feed would be shipped.

The written instrument signed by the parties, confirming the telegrams, stated the date of shipment would be "January-February," 1925, while the telegrams stated that the feed would "be used by July 1st." It is conceded, however, that the date of the shipment was not restricted to January and February, and even though the written instrument confirming the telegrams was complete in itself, we think that the telegrams would have been admissible to show the date the shipment was to be made, where the date stated in the instrument was concededly erroneous. However, the instrument signed by the parties clearly shows that it was merely a confirmation of the telegrams and the instrument was properly considered and read with the telegrams, and as read, there cannot be any doubt that the merchandise was to be ordered shipped by defendant on or before July 1st, and that such was the agreement of the parties is shown by the correspondence subsequent to the date of the order, and prior to July 1. The evidence established that defendant failed to order the greater part of the feed shipped on or before July 1, and that defendant refused to order the shipment to be made after demand. Defendant was properly held to have breached the contract, and the remaining question is whether or not plaintiff established that it had sustained any damages.

As stated, plaintiff's primary demand for damages, which was allowed, was based on a statement which had been made up by plaintiff, showing the amount of damages claimed and the method by which plaintiff arrived at the damages sustained, which reads as follows:

"B"

Kountry Kid Feed—Contract price ............$42.00 per ton
Carrying charge 50c ton month 4 months, March, April, May and June ............ 2.00
Manufacturing profit account inability to deliver feed as sold ............ 2.00
                                                      $46.00
Market price July first, 1925   38.00

Loss 133 sacks undelivered $ 8.00 ton $53.20
Lumber Camp Special Feed, contract price ............$51.50
Carrying charge 50c ton month, 4 months, March, April, May and June ............ 2.00
Manufacturing profit account inability to deliver feed as sold ............ 2.00
                                                      $55.50 $1050.00

Market price July first, 1925  45.00
Loss 2000 bags (100 tons) undelivered ............ 10.50
Total Loss ............$1103.20
"This is to certify that the above is a true and correct statement of loss sustained by us on contract of King-Drake Company of Minden, La.
        "Hayes Grain & Commission Co.,
            "By Guy Cameron, Secretary."

There was not any reference to manufacturing profits in the agreement, and there was not any explanation of such charges, nor any evidence showing the manner in which the market value of the merchandise, as shown on the statement, was ascertained. The cost of manufacturing would have to be considered if the basis of the claim for damages was the difference between the cost of production and the contract price (Todd v. Gamble, 148 N. Y. 382, 42 N. E. 982, 52 L. R. A. 225), but, in fixing the damage on the basis of the difference between the contract price and the market price, it is evident that the cost of manufacture must have been considered in fixing the contract price, which the agreement between the parties also shows included the cost of delivery, for which a reduction should have been made (Bartley v. City of New Orleans, 30 La. Ann. 264; Newark City Ice Co. v. Fisher (C. C. A.) 76 F. 427, 429), and, the evidence showing that plaintiff had not made a resale of the merchandise, or that the merchandise had a market price, the evidence does not sufficiently establish the loss claimed.

The record indicates, however, that plaintiff did sustain some loss from the breach of the contract, and, assuming that plaintiff will be able to show the loss in another action, we will not reject the demand, but dismiss the action as of nonsuit.

It is therefore ordered that the judgment appealed from be avoided, and that plaintiff's suit be dismissed as of nonsuit, at plaintiff's cost.

DREW, J., recused.